28 C.C.P.A.(Patents)

## In re ROSENBLATT.

### Patent Appeal No. 4339.

Court of Customs and Patent Appeals.

April 1, 1941.

Frederic P. Warfield, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection, based upon prior art, of five claims embraced in an application for patent "for Display Device."

Three claims stand allowed.

The rejected claims are numbered 4, 5, 6, 8, and 9, respectively.

At the conclusion of the oral argument before us counsel for appellant moved to dismiss the appeal as to claim 4, which motion will be allowed.

Claim 5 is illustrative of the subject matter. It reads: "5. A display device for illuminated signs and the like comprising a light-transmitting evacuated tube, a supply of low-boiling liquid in the tube, and means in the tube for promoting vaporization of liquid beneath the surface of the liquid upon production of a suitable temperature gradient between the extremities of the tube, thereby causing a succession of bubbles to rise through the said liquid, the said means comprising a quantity of material containing a plurality of interstices for retaining a portion of the said vapor and holding the thus-entrapped vapor, thereby facilitating a continuous and substantially regular liberation of vapor therefrom."

The claim of itself is probably sufficient to indicate to those skilled in the art the nature of the alleged invention, but in elucidation of it the brief on behalf of appellant states:

"The subject matter of the invention relates to display signs in which are provided a plurality of letters or other indicia made of transparent tubing and containing a colored liquid having a low boiling temperature. The letters or other indicia are formed of individual units each of which has a quantity of the liquid sealed within it under reduced atmospheric pressure. Bubbles are caused to pass upwardly through the tubing as liquid circulates downwardly, and the letters or other indicia are illuminated by a light from behind, so that the movement of the bubbles attracts attention to the sign.

"The claims under rejection are directed to such a display device containing a material for initiating and maintaining a continuous and steady movement of bubbles within the tube. Three claims specifying this material as 'glass wool' have been allowed."

An unhappy situation is presented here by reason of the deficiency of appellant's reasons of appeal.

In rejecting the claims the examiner cited four prior patents, to wit:

Kreusler, 502,418, Aug. 1, 1893.

Field, 1,966,442, July 17, 1934.

Sechi, 1,977,093, Oct. 16, 1934.

Fioravanti, 2,031,409, Feb. 18, 1936.

The board in express terms approved the examiner's rejection in view of the art so cited.

After so affirming, the board went further in its decision, saying: "We find a new reference which appears more analogous to applicant's particular combination as comprising merely a small straight glass tube for boiling of liquids and with some glass beads or scraps of platinum foil in the base thereof to prevent bumping. This reference is Fig. 375, page 387 and descriptive matter, lines 5 and 6 from the bottom of page 386 of Ganot's Physics, 18th Edition, published by William Wood and Company, 1910, New York City. The disclosure occurs under the section entitled 'Boiling-Ebullition'. Claims 4, 5, 6, 8 and 9 are also rejected upon this citation under the provisions of Rule 139."

As reasons of appeal to this court appellant assigned only the following:

1. The Board of Appeals erred in affirming the Examiner as to his rejection of claims 4, 5, 6, 8 and 9.

2. The Board of Appeals erred in rejecting claims 4, 5, 6, 8 and 9 on the newly cited reference, pages 386–387 of Ganot's Physics, 18th Edition.

3. The Board of Appeals erred in not allowing claims 4, 5, 6, 8 and 9.

We think it obvious that assignments 1 and 3 are not sufficiently specific in character to meet the requirement of Rule XXV of this court.

This is a rule of long standing and conforms with the statutes which define our jurisdiction in patent cases. R.S. § 4912, 35 U.S.C.A. § 60, R.S. § 4913, 35 U.S.C.A. § 61, R.S. § 4914, 35 U.S.C.A. § 62.

In the case of In re Laura Schneider, 39 F.2d 278, 279, 17 C.C.P.A., Patents, 952, which came before us during the first year of our patent jurisdiction, we had occasion to say: "Those appealing to this court should give to the court, by specific assignments, and with particularity, all grounds of alleged error upon which they rely."

The reason for and the philosophy of the rule, even aside from the statutory provisions, are so clear that no extensive discussion of those matters need be indulged. This court does not wish to seem super-technical, but it is entitled to have from those appealing a clear and specific statement of the exact points relied upon, and upon this we must insist. In re Thomas and Hochwalt, 83 F.2d 902, 23 C.C.P.A., Patents, 1238, and In re Wheeler, 83 F.2d 904, 23 C.C.P.A., Patents, 1241.

It follows that in the instant case we do not have reasons of appeal stated in a manner which would justify our reviewing the rejection made by the examiner and approved by the board upon the basis of the patents cited by the examiner. So, even though the second reason of appeal be a sufficient basis upon which to review that part of the board's decision which rests upon the publication newly cited by it as a reference, and even were we to disagree as to its sufficiency, the decision based upon

the other references would have to be affirmed. In re Ball, 81 F.2d 242, 23 C.C.P. A., Patents, 830.

Under such circumstances, it would avail appellant nothing for us to review the issue raised by his second reason of appeal, and we refrain from so doing. The appeal is dismissed as to claim 4.

The decision of the board is affirmed.

Affirmed.