**CIENEGA GARDENS, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 94–1 C.

United States Court of Federal Claims.

April 25, 2000.

---

Everett C. Johnson, Jr., Latham & Watkins, Washington D.C., for plaintiff.

John S. Kosloske, United States Department of Justice, Washington, D.C., for defendant.

## OPINION and ORDER

HODGES, Judge.

Plaintiffs are owners of low-income housing projects in Southern California. They were encouraged to enter the market by legislation that allowed the Federal Housing Administration to provide mortgage insurance to private developers. They also received certain financial incentives. Prior to 1968, owners received below market mortgage interest rates. After that, they received market-rate mortgages with an interest subsidy. In either case, owners were expected to pass these financial benefits to their tenants through lower rents.

A rider to their deeds of trust permitted owners to prepay their loans in full after twenty years without HUD approval. Then the owners could convert their property to conventional rental property and charge market rental rates. Congress became concerned that large numbers of owners might exercise their prepayment options, so it enacted the Emergency Low Income Housing Preservation Act of 1987, and the Low Income Housing Preservation and Resident Homeownership Act of 1990 to address the potential reduced supply of low-income housing. The effect of these new laws was that owners could not prepay their mortgage loans without HUD approval.

Plaintiffs' original complaint sought damages for breach of contract, for just compensation for a taking under the Fifth Amendment to the United States Constitution, and for additional compensation based on allegedly unlawful administrative actions. This court dismissed plaintiffs' claim for unlawful administrative actions and ruled on summary judgment that the Government was liable for breach of contract. *Cienega Gardens v. United States,* 33 Fed.Cl. 196 (1995) and 37 Fed.Cl. 79 (1996). The Federal Circuit vacated that judgment and remanded for further proceedings. *Cienega,* 194 F.3d 1231 (1998), *cert. denied,* —— U.S. ——, 120 S.Ct. 62, 145 L.Ed.2d 54 (1999).

The case is now before the court on cross-motions for summary judgment of plaintiffs' takings claims. Plaintiffs did not file statutorily required notice of intent and plan of action for prepayment of their loans, so we must grant defendant's motion for summary judgment.

## DISCUSSION

Plaintiffs are owners of rental housing projects developed and operated with loans insured by the Department of Housing and Urban Development pursuant to sections 221(d)(3) and or 236 of the National Housing Act, 12 U.S.C. §§ 1715*l*(d)(3), 1715z–1 (1994). The mortgage loan notes between the owners and their private lending institutions contained terms that permitted prepayment after twenty years without the need for HUD approval.

Prior to the 20–year anniversary dates of the owners' loans, Congress enacted the

Emergency Low Income Housing Preservation Act of 1987,[1] in an effort to preserve low-income rental housing as a result of potential massive prepayments under sections 221(d)(3) and 236. That two-year emergency measure was followed by enactment of the Low Income Housing Preservation and Resident Homeownership Act of 1990.[2] Both laws required that owners obtain permission from HUD before prepaying their HUD-insured loans.

The owners sued, contending that LIHPRHA breached their contract with the Government in respect of prepayment. In the alternative, they argued that LIHPRHA effected a taking of a property interest for which they were entitled to just compensation under the Fifth Amendment. The Court of Appeals for the Federal Circuit rejected the owners' breach of contract claims because it found no privity of contract between the owners and the Government. *Cienega*, 194 F.3d 1231.

On remand, both parties filed motions for summary judgment. Plaintiffs contend that even if LIHPRHA did not take any contract rights with the Government, nevertheless it took the owners' contract rights contained in the private contracts between the owners and their lenders. Defendant asserts that plaintiffs' taking claims are not ripe for review because the owners neglected to pursue the process established by LIHPRHA for prepayment of a HUD-insured loan.

In a case similar to this one, the Court of Appeals for the Federal Circuit ruled that owners of sections 221(d)(3) and 236 properties must comply with the statutory process governing the prepayment of their loans before their takings claims are ripe for review. *Greenbrier v. United States*, 193 F.3d 1348 (Fed.Cir.1999)(*rehearing denied and suggestion for rehearing en banc declined* Dec. 27, 1999), *aff'g* 40 Fed.Cl. 689 (1998), *petition for cert. filed*, (Mar. 27, 2000). The facts and allegations of this case are not materially different from those in *Greenbrier*.

In *Greenbrier*, the owners did not seek HUD's permission to prepay their loans, arguing futility. The Federal Circuit affirmed this court's determination that no regulatory taking occurred because the claims were not ripe for review. The Circuit in that case held that the owners were required to apply to HUD, notwithstanding the stringent statutory requirements.

### I.

Plaintiffs did not file a notice of intent and plan of action requesting permission to prepay their loans. Therefore, HUD has not issued a final decision. Plaintiffs contend that such notice would have been futile because the regulatory process to elect prepayment of their mortgages does not give HUD discretion in deciding for or against them. They argue that *Suitum v. Tahoe Regional Planning Agency*, 520 U.S. 725, 117 S.Ct. 1659, 137 L.Ed.2d 980 (1997), supports their claims. *Suitum* holds only that a takings claim may be ripe for review if the government agency has no remaining discretion to decide how a landowner may use his land. HUD had discretion to grant owners' applications, and in fact did so in some cases.

In *Greenbrier*, the owners of similarly situated properties "[did] not allege that they ha[d] complied with this process and received a final decision from HUD denying their request to terminate the affordability restrictions. Rather, plaintiffs maintain[ed] that they should not be required to utilize this process because HUD would be bound to disapprove their requests under the applicable statutory standard, rendering resort to that process futile." 40 Fed.Cl. at 701–02 (citation to declaration omitted).

This court noted expressly that even if the futility exception were available to the *Greenbrier* owners, "the fact that plaintiffs' prepayment requests would be evaluated pursuant to rigorous statutory criteria, without more, is not enough to render compliance with those procedures futile." *Id.* at 692, (*citing Heck v. United States*, 37 Fed.Cl. 245,

---

1. Pub.L. No. 100–242, Title II, 101 Stat. 1877 (1987)(pertinent parts reprinted in 12 U.S.C. § 1715*l* note (1989) (Preservation of Low Income Housing)).

2. Pub.L. No. 101–625, Title VI, § 601(a), 104 Stat. 4249 (1990)(codified at 12 U.S.C. §§ 4101–47).

252 (1997), *aff'd*, 134 F.3d 1468 (Fed.Cir. 1998)).

The *Greenbrier* owners cited *Suitum* as well, but the Circuit distinguished that case noting, "there was no question about how the regulations at issue applied to the land in question." *Greenbrier*, 193 F.3d at 1359. Because the facts are practically identical to those in this case, we hold that these plaintiffs' claims are likewise not ripe for review.

Plaintiffs contend that they have presented evidence and declarations that support their futility claim, unlike the owners in *Greenbrier*. They cannot show futility in these circumstances, however, where an agency has discretion to act. HUD is responsible for making the final determination on the owners' prepayment application, not this court. Unless the agency tasked with making a decision has no discretion remaining, a plaintiff must seek that agency's permission for a takings claim to be ripe. *See id.* HUD expressly was given discretion to deny or accept the owners' applications to prepay their mortgage loans. 12 U.S.C. § 4108(a). Indeed, HUD granted permission in three of eight instances in which such permission was sought. *Greenbrier*, 193 F.3d at 1359. Plaintiffs' takings claims are not ripe for review.

## II.

This court earlier found that plaintiffs "failed to show that they have suffered a *per se* taking within the meaning of the Fifth Amendment." *Cienega*, 33 Fed.Cl. at 217. Plaintiffs have not provided persuasive reasons to disagree with the court's determination in that regard.

## CONCLUSION

Plaintiffs believe that applying to HUD as the law requires would have been futile. They cannot ask the court to make determinations that are reserved to an agency, however. Because plaintiffs chose not to pursue their prepayment options through the required process, their takings claims are not ripe for review. Defendant's motion for summary judgment is GRANTED. Plaintiffs' motion for summary judgment is DE-NIED and its takings claims are DISMISSED.

Defendant's motion for summary judgment on plaintiffs' breach of contract claims is GRANTED pursuant to the Federal Circuit's mandate. Plaintiffs' partial motion for summary judgment on breach of contract claims is DENIED. The Clerk will dismiss plaintiffs' complaint. No costs.