La Tretha E. STROUGHTER,
pro se, Plaintiff,

v.

The UNITED STATES, Defendant.

Jerome W. Smith, pro se, Plaintiff,

v.

The United States, Defendant.

Nos. 09–404C, 09–413C.

United States Court of Federal Claims.

Oct. 26, 2009.

La Tretha E. Stroughter, Pittsburgh, CA, and Jerome W. Smith, Oakland, CA, pro se plaintiffs.

Conrad J. DeWitte, Jr., Washington, DC, with whom was Assistant Attorney General Tony West, for defendant.

## MEMORANDUM OPINION AND ORDER

MILLER, Judge.

This consolidated action is before the court on defendant's motion to dismiss. Plaintiffs La Tretha E. Stroughter and Jerome W. Smith ("plaintiffs"), proceeding *pro se*, claim to have invented 1) a system for televisual/satellite mass production and communication, and 2) a compact machine able to copy, duplicate, transfer, record, and convert data (the "inventions"). Each invention has a corresponding patent application pending with the United States Patent and Trademark Office (the "USPTO"). Plaintiffs propound patent infringement claims against the USPTO for using and disclosing the inventions during the patent applications' pendency while acting in complicity with various private parties. Defendant moves to dismiss based on lack of subject matter jurisdiction, RCFC 12(b)(1), or for failure to state a claim upon which relief can be granted, RCFC 12(b)(6). Argument is deemed unnecessary.

## BACKGROUND

On June 22, 2009, and June 24, 2009, respectively, Ms. Stroughter and Mr. Smith filed their complaints (the "complaints").[1] Following notification by defendant that the cases were directly related, the court entered an order consolidating the complaints on July 13, 2009. *See* RCFC 42(a)(2). Defendant filed its motion to dismiss on July 14, 2009.

On July 28, 2009, the court received from Ms. Stroughter a duplicate Application To Proceed *In Forma Pauperis* (the original filed with her complaint was granted on June 29, 2009) and a proposed amended complaint. The court entered a scheduling order on July 30, 2009, noting multiple deficiencies in Ms. Stroughter's July 28, 2009 submissions due to

failure to comply with the Rules of the United States Court of Federal Claims.[2] The court's July 30, 2009 order 1) denied Ms. Stroughter's application as moot and 2) returned unfiled Ms. Stroughter's proposed amended complaint. The July 30, 2009 order also required that "[b]oth plaintiffs ... file separate responses or one joint response to defendant's motion to dismiss by August 14, 2009." Order filed July 30, 2009, ¶ 2.

On August 12, 2009, Ms. Stroughter filed a separate response to the motion to dismiss. On August 14, 2009, Mr. Smith attempted to file a proposed amended complaint instead of a response to the motion to dismiss. Consequently, on August 20, 2009, the court ordered Mr. Smith's proposed amended complaint to be returned unfiled, allowing Mr. Smith until August 28, 2009, to file a response to the motion to dismiss and to distinguish his proposed amended complaint from his original complaint. On September 10, 2009, Mr. Smith filed a second proposed amended complaint. Although this submission was untimely and failed to respond to the motion to dismiss, the court ordered it "filed by leave and ... treated as [Mr. Smith's] response pursuant to ... the order entered on August 20, 2009." Order filed Sept. 10, 2009, ¶ 1. Briefing concluded on September 29, 2009.

## FACTS

Each complaint is captioned as a "MANDATE FOR PAYMENT OF COMPENSATION FOR THE USE BY AND FOR THE GOVERNMENT, BACK PAY AND ROYALTIES, INFRINGEMENT DAMAGES AND BUYOUT OF THE ACTUAL PATENT RIGHTS." Compl. filed June 24, 2009 ("Smith Compl."), at 1; Compl. filed June 22, 2009 ("Stroughter Compl."), at 1. Both name

---

1. "[I]t appears that the reason that Ms. Stroughter and Mr. Smith filed two separate complaints is because of Ms. Stroughter's well-founded concern about representing Mr. Smith in court because she is not an attorney." Def.'s Br. filed July 1, 2009, at 3 (*citing* Compl. filed June 24, 2009 ("Smith Compl."), at 1–2; Compl. filed June 22, 2009 ("Stroughter Compl."), at 1–2).

2. In addition to its deficiencies under RCFC 5.3(a), (b); RCFC 5.5(d)(2); and RCFC 10(a), the proposed amended complaint was incomplete

under RCFC 8(a)(1), a defect that prompted defendant's motion to dismiss the consolidated action. The court ordered Ms. Stroughter to "explain in her response how the proposed amended complaint differs from the original complaint, in addition to responding to defendant's objections to the original complaint, unless plaintiff Stroughter can state, consistent with RCFC 8(a)(1), how her proposed amended complaint responds to defendant's arguments based on jurisdiction." Order filed July 30, 2009, at 2.

as defendants "DOE[']S 1 THROUGH INFINITY WORLD WIDE USAGE OF BOTH PATENTS." [3] Smith Compl. at 1; Stroughter Compl. at 1. Both describe the invention of technology underlying the following pending patent applications (the "applications"): 1) "U.S. Patent Application Number 11/502,337, filed on August 10, 2006[,] and published as U.S. Patent Application Publication Number U.S.2007/0136763 A1 on June 14, 2007," Def.'s Br. filed July 14, 2009, at 1–2; and 2) "U.S. Patent Application Number 11/410,423, filed on April 22, 2006[,] and published as U.S. Patent Application Publication Number U.S.2006/0238503 A1 on October 26, 2006," *id.* at 2. The applications remain pendent.

Plaintiffs allege that the during the applications' pendency, the USPTO "realized that these two patents were triple platinum makers[,] went after the manufacturers to retrieve patent infringement monies, then collected the back pay royalties[,] ... put all of that money into **CLIENT TRUST BANK ACCOUNT TO COLLECT THE INTEREST** then turned around and made license agreements with the manufacturers." Smith Compl. at 6–7; Stroughter Compl. at 7. Further, plaintiffs "also know that the government has made extra patents off of [plaintiffs'] individual claims from [plaintiffs'] two patents." Smith Compl. at 7; Stroughter Compl. at 7. They request "back pay royalties in addition to infringement damages, back pay compensation from the governments [sic] use and the buyout of the actual patent [sic] themselves." Smith Compl. at 8; Stroughter Compl. at 8. Plaintiffs describe themselves as business partners and co-inventors, and, after calculating infringement damages of $1.25 trillion, each claims entitle-

ment to half ($625 billion).[4] Smith Compl. at 5–6; Stroughter Compl. at 5–6; *see also* Pl. Stroughter's Resp. to Notice of Directly Related Cases filed July 15, 2009, at 2 ("We are ... business partners and co-inventors on each other's patent applications.").

Although the complaints did not allege a basis for the court's jurisdiction, plaintiffs' patent infringement claims suggest 28 U.S.C. § 1498 (2006). Mr. Smith's response to the motion to dismiss repeatedly alleges an unlawful taking, which would invoke this court's jurisdiction under the Fifth Amendment to the United States Constitution. Ms. Stroughter's subsequent filings allege that jurisdiction also exists on account of 1) diversity of citizenship; and 2) the USPTO's violation of "Appendix L Patent Law 35 U.S.C. [§ ] 154(B) [sic]." [5] Pl. Stroughter's Br. filed Aug. 12, 2009, at 3. According to Ms. Stroughter, the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 551–59, 701–06 (2006), authorizes a lawsuit "against USPTO [sic] for violating 35 U.S.C. § 154(B) [sic] the GUARANTEE OF NO MORE THAN 3 YEAR APPLICATION PENDENCY." Pl. Stroughter's Br. filed Aug 12, 2009, at 3 (referencing 35 U.S.C. § 154(b)(1)(B) (2006), *see supra* note 5). Were jurisdiction found to be lacking, Ms. Stroughter requests that the court transfer her action to a court of suitable jurisdiction.

## DISCUSSION

Defendant moves the court to dismiss the consolidated action based on lack of subject matter jurisdiction, RCFC 12(b)(1), or for failure to state a claim upon which relief can

---

**3.** The Clerk of the Court docketed the complaints with the United States as defendant. In alleged complicity with the USPTO, however, are "many many many [others]," Stroughter Compl. at 4–5, as the inventions are the technological wellspring of the Hewlett–Packard Media Center; the Nintendo Wii; the Apple iPhone; all touch-screen phone systems and products; the in-home ATM machine; in-home medical record and medical care systems; the Life Alert System; home security systems; and self-destructing computers, *id.* at 3–4.

**4.** In lieu of litigation, Ms. Stroughter encourages the Government to consider a private, expeditious settlement of plaintiffs' claims. Pl.

Stroughter's Br. filed Sept. 29, 2009, at 5 ("We want to outright sell our rights to the United States Federal Government for the previously requested amount, which can be negotiated.... The best course of action suggested is, the United States assigns both patent applications, the inventors signs [sic] over their rights after purchase compensation is paid, the United States government then owns sole rights to both patent applications and obtain [sic] the actual patents and we the inventors walk away in silence and satisfied.").

**5.** Ms. Stroughter's intended reference appears to be 35 U.S.C. § 154(b)(1)(B) (2006).

be granted, RCFC 12(b)(6). Defendant also moves the court to strike Ms. Stroughter's August 12, 2009 response.

### 1. *Standard of review*

Documents filed *pro se* are "to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); see also *Ruderer v. United States,* 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969) ("[W]e have strained our proper role in adversary proceedings to the limit, searching this lengthy record to see if plaintiff has a cause of action somewhere displayed."). Nevertheless, while "[t]he fact that [a plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, ... it does not excuse its failures, if such there be." *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995). Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest. See, e.g., *Ledford v. United States,* 297 F.3d 1378, 1382 (Fed.Cir.2002) (affirming dismissal of *pro se* plaintiff's complaint which sought, *inter alia,* a tax refund); *Constant v. United States,* 929 F.2d 654, 658 (Fed.Cir.1991) (sanctioning *pro se* plaintiff for filing frivolous appeal). Additionally, the filings of *pro se* plaintiffs receive less leniency vis-à-vis jurisdictional requirements. *See Kelley v. Sec'y, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, .... [but] a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only."); *see also Ledford,* 297 F.3d at 1382 (affirming dismissal of *pro se* plaintiff's complaint seeking unpaid tax refund); *Carter v. United States,* 62 Fed.Cl. 66, 69 (2004) ("When ruling on motions to dismiss for lack of subject matter jurisdiction, however, a court's leniency is tempered by the exacting requirements of jurisdiction." (citation omitted)); *Bernard v. United States,* 59 Fed.Cl. 497, 499 (2004) (holding that latitude afforded to *pro se* plaintiffs "does not relieve a *pro se* plaintiff from meeting jurisdictional requirements"), *aff'd,* 98 Fed.Appx. 860 (Fed. Cir.2004).

### 2. *Consolidation of Ms. Stroughter and Mr. Smith's claims*

The court first resolves Ms. Stroughter's motion—drawn from her response to defendant's motion to dismiss—to upend the court's July 13, 2009 consolidation order. After describing her unavailing efforts to encourage Mr. Smith to comply with the court's July 30, 2009 scheduling order, Ms. Stroughter "request[s] to dismiss Mr. Smith and myself as a consolidated action." Pl. Stroughter's Br. filed Aug. 12, 2009, at 2. Ms. Stroughter declares that "I am further responding and submitting all future filings on my behalf only and I will continue to obey Judge Miller's demands for future filings using the consolidated format, just to comply with the rules she extends, but I am not filing on behalf of Mr. Jerome W. Smith...." *Id.*

RCFC 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions...." RCFC 42(a)(2). The court has broad discretion to consolidate related actions. *Hornback v. United States,* No. 03–5108, 03–5111, 2004 WL 68511, at *4 (Fed.Cir. Jan.13, 2004); *Cienega Gardens v. United States,* 62 Fed.Cl. 28, 32 (2004); *see also Nilssen v. Osram Sylvania, Inc.,* 504 F.3d 1223, 1230 (Fed.Cir.2007) ("Trial judges are entitled to arrange the priority of issues in a manner that they consider efficient."). When considering the propriety of consolidation, "the court must weigh the interest of judicial economy against the potential for delay, confusion, and prejudice that may result from consolidation." *Cienega Gardens,* 62 Fed.Cl. at 31. Moreover, "[w]here common questions of law or fact are involved and consolidation would avoid unnecessary costs, consolidation is encouraged," *id.* at 32, and "[c]onsolidation can be ordered despite opposition by the parties," *id.* Defendant cites an example from the United States District

Court of Delaware in which the trial court preferred and ordered the consolidation of related patent infringement claims. Def.'s Br. filed Sept. 4, 2009, at 3 (*citing Cedars–Sinai Med. Ctr. v. Revlon, Inc.*, 111 F.R.D. 24, 31–34 (D.Del.1986) (discussing Fed. R.Civ.P. 42(a))).

■ The court denies Ms. Stroughter's motion. Mr. Smith's complaint duplicates Ms. Stroughter's. Ms. Stroughter explains the complaints' similarity: "Mr. Smith's complaint is exactly the same as my complaint, with identical claims because **I wrote the complaint** without Mr. Smith's knowledge, changed the names and submitted the complaint to him. I instructed Mr. Smith to present the complaint...." Pl. Stroughter's Br. filed Sept. 29, 2009, at 1. Common questions of fact and law predominate, with the identical claims of both complaints predicated on purported patent infringement during the applications' pendency.[6] The judicial economy inherent in consolidating and jointly considering Ms. Stroughter and Mr. Smith's claims outweighs the potential for delay, confusion, or prejudice.[7]

3. *Subject matter jurisdiction over Ms. Stroughter and Mr. Smith's claims*

■ Faced with defendant's challenge to the court's subject matter jurisdiction, the court's task "is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The question before the court is "is not whether [plaintiffs] will ultimately prevail but whether [plaintiffs are] entitled to offer evidence to support the claims." *Id.* The court must accept as true the alleged facts and must construe such facts in the light most favorable to plaintiffs. *See Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995); *Reynolds v. Army & Air Force Exch. Serv.*,

846 F.2d 746, 747 (Fed.Cir.1988). Because the jurisdictional facts are disputed, "the ... court may consider relevant evidence in order to resolve the factual dispute." *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed.Cir. 1999); *Reynolds*, 846 F.2d at 747. Ultimately, it is "incumbent upon [plaintiffs] to come forward with evidence establishing the court's jurisdiction. [Plaintiffs] bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds*, 846 F.2d at 748; *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

1) *Subject matter jurisdiction under 28 U.S.C. § 1498*

■ The Court of Federal Claims' exclusive jurisdiction pursuant to 28 U.S.C. § 1498 over patent infringement claims against the Federal Government is conditioned on the issuance of a patent:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

28 U.S.C. § 1498(a); *see Crater Corp. v. Lucent Techs., Inc.*, 255 F.3d 1361, 1364 (Fed. Cir.2001). As it is a waiver of sovereign immunity, this statute is to be strictly construed. *See Leesona Corp. v. United States*, 220 Ct.Cl. 234, 599 F.2d 958, 968 (1979). It does not grant the Court of Federal Claims jurisdiction over a claim for alleged infringement of an unissued patent. *See* § 1498(a) ("Whenever an invention *described in and*

---

**6.** As persuasive authority, defendant cites *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467 (Fed.Cir.1998), which ruled that "[a]n action for infringement must join as plaintiffs all co-owners." *See also* Def.'s Br. filed Sept. 4, 2009, at 3 (*citing Kennedy v. United States*, 19 Cl.Ct. 69, 75 (1989) ("The public fisc is to be protected from multiple payments for the same obligation....")).

**7.** Insofar as Ms. Stroughter fears prejudice resulting from Mr. Smith's failure to abide by the court's orders, *see* Pl. Stroughter's Br. filed Aug. 12, 2009, at 1–2, the court assures Ms. Stroughter that plaintiffs' filings have been received and reviewed with liberality and leniency, *see* Order filed Sept. 10, 2009, ¶ 1 (filing by leave Mr. Smith's deficient submission); Order filed Aug. 20, 2009, ¶ 1 (returning Mr. Smith's deficient submission while providing remedial opportunity).

covered by a patent of the United States
...." (emphasis added)); *Foster v. United States*, 230 Ct.Cl. 938, 938–39 (1982); *Fulmer v. United States*, 144 Ct.Cl. 812, 838 (1959); *Patton v. United States*, 110 Ct.Cl. 195, 75 F.Supp. 470, 473 (1948).

 Because plaintiffs' claims allege the infringement of unissued patents, the court's jurisdiction under § 1498 is lacking. Although Ms. Stroughter acknowledges that "the rules and laws state that we are not allowed to seek damages due to the fact that we do not have issued patents," Pl. Stroughter's Br. filed Sept. 29, 2009, at 2, she asserts that "[p]atent or no patent it's still not right or fair that there are billions of companies out there producing products derived from [the inventions]," *id.* at 3. She contends that patent laws exist to protect inventors, so "a pending application in the works should be just as enforceable as a patent which will prevent unauthorized use." [8] *Id.* at 6. Section 1498 must be strictly construed, however, and plaintiffs cannot establish the predicate fact of patent issuance required to invoke the court's jurisdiction.

### 2) Jurisdiction under 28 U.S.C. § 1332

 United States district courts possess diversity jurisdiction over claims involving state law, as follows:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a)(1)-(4) (2006). The statutorily defined scope of the Court of Federal Claims' jurisdiction, *see* 28 U.S.C. § 1491(a)(1) (2006), does not include diversity jurisdiction. Moreover, patent infringement is an issue of federal, not state, law.[9] *See* 28 U.S.C. § 1498; 35 U.S.C. § 281 (2006) ("A patentee shall have remedy by civil action for infringement of his patent."); *In re Rosenblatt*, 28 C.C.P.A. 1036, 118 F.2d 590, 591 (Cust. & Pat.App.1941) ("[S]tatutes ... define our jurisdiction in patent cases.").

 Ms. Stroughter states that "Diversity Jurisdiction applies because I live in the State of California and the United States Patent and Trademark Office is in the State of Virginia and Washington D.C." Pl. Stroughter's Br. filed Aug 12, 2009, at 2. Nevertheless, 28 U.S.C. § 1332 does not enumerate—and, thus, it does not establish federal courts' jurisdiction over—civil actions filed by a citizen against the United States. *See* 28 U.S.C. § 1332(a)(1)-(4). Furthermore, diversity jurisdiction is not granted to the Court of Federal Claims nor supports a claim for patent infringement. Diversity jurisdiction does not obtain.

### 3) Jurisdiction under the APA and 35 U.S.C. § 154(b)(1)(B)

 The APA provides that "[a] person suffering legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. When "review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882, 110 S.Ct. 3177, 111 L.Ed.2d 695; *see* 5 U.S.C. § 704. The APA does not

(1) affect[ ] other limitations on judicial review or the power or duty of the court to dismiss any action or deny any relief on

---

8. Were unauthorized use alleged by plaintiffs, the analysis of this claim would mirror that for § 1498. *See Lemelson v. United States*, 752 F.2d 1538, 1548 (Fed.Cir.1985).

9. As persuasive authority, defendant cites *Cooper v. Westchester County*, 42 F.Supp. 1, 5 (D.C.N.Y. 1941), which states that "jurisdiction in a patent infringement suit never rests on diversity of citizenship...."

any other appropriate legal or equitable ground; or (2) confer[ ] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C. § 702. Federal district courts—not the Court of Federal Claims—are the proper fora for APA actions. 5 U.S.C. § 703 ("The form for proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute...."); *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1370 n. 11 (Fed.Cir. 2005) ("[N]o APA review is available in the Court of Federal Claims.").

▉ Ms. Stroughter invokes the APA in the context of alleging a USPTO violation of 35 U.S.C. § 154(b)(1)(B), *supra* note 5, which provides, as follows:

> [I]f the issue of an original patent is delayed due to the failure of the [USPTO] to issue a patent within 3 years after the actual filing date of the application ... the term of the patent shall be extended 1 day for each day after the end of that 3-year period until the patent is issued.

35 U.S.C. § 154(b)(1)(B).[10] Section 154(b)(1)(B) does not authorize judicial review of USPTO delays; rather, the statute correspondingly extends the term of an issued patent for the USPTO's delay in processing the patent application. *See id.* The applications remain pendent, and, without final action by the USPTO, Ms. Stroughter also fails in her attempt to establish jurisdiction with a request for general review under the APA. *See Lujan,* 497 U.S. at 882, 110 S.Ct. 3177.

### 4) *Jurisdiction under the Fifth Amendment*

▉ The Court of Federal Claims has jurisdiction over claims alleging a taking in violation of the Fifth Amendment. *See* 28

U.S.C. § 1491(a) (2006) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon the Constitution...."). Nonetheless, allegations of patent infringement do not create a claim under § 1491(a) based on a violation of the Fifth Amendment. *Zoltek Corp. v. United States,* 442 F.3d 1345, 1353 (Fed.Cir.2006). Even if the court has interpreted Mr. Smith's response correctly as alleging a Fifth Amendment taking, jurisdiction has not been conferred under § 1491(a) to hear such claims.

### 5) *Transfer to a court with jurisdiction*

▉ Although the court may lack jurisdiction over an action, it must, "if it is in the interest of justice, transfer such action ... to any other court in which the action ... could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631 (2006); *see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1303 (Fed.Cir.2008); *see also Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1374–75 (Fed.Cir.2005) (reminding that court lacking jurisdiction must consider transfer). The propriety of a transfer depends not only on the lack of jurisdiction of the transferor, but also on the existence of jurisdiction in the transferee. *See Jan's Helicopter Serv.,* 525 F.3d at 1303–04. For the reasons already set forth, no court has jurisdiction over plaintiffs' claims, and the court declines to transfer the consolidated action.

### 4. *Plaintiffs' failure to state a claim*

▉ Were the instant action to be considered on its merits, defendant also moves the court to dismiss pursuant to RCFC 12(b)(6). The court's task in considering a motion to dismiss for failure to state

---

10. Ms. Stroughter also appears to invoke 35 U.S.C. § 154(d). *See* Pl. Stroughter's Br. filed Sept. 29, 2009, at 4. Section 154(d) allows the accrual of reasonable royalties owing to patent holders from "any person who, during the period beginning on the date of publication of the application for such patent ... *and ending on the date the patent is issued* ... makes, uses, offers for sale, or sells in the United States the invention...." 35 U.S.C. § 154(d)(1)(A)(i) (emphasis

added). The USPTO has not issued patents for plaintiffs' applications; consequently, plaintiffs cannot establish jurisdiction under the APA for an alleged violation of § 154(d). Ms. Stroughter may assume that patents will issue, *see* Pl. Stroughter's Br. filed Sept. 29, 2009, at 6, but her interpretation of § 154(d) to allow the recovery of royalties by *"eventual patentee[s],"* *id.* at 4, is incorrect.

a claim is not to determine whether a plaintiff will ultimately prevail, but " 'whether the claimant is entitled to offer evidence to support the claims.' " *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 938 (Fed.Cir.2007) (*quoting Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683). The court must assess whether the complaint adequately states a claim and whether plaintiffs allege "facts plausibly suggesting (not merely consistent with)" a showing of entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (restating *Twombly* standard as stating "a claim to relief that is plausible on its face"); *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed.Cir.2009); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356–57 (Fed.Cir.2007). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed.Cir.1993).

■■■ Although a plaintiff's factual allegations need not be "detailed," they "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal citation omitted). The court thus " 'accept[s] as true all factual allegations in the complaint, and ... indulge[s] all reasonable inferences in favor of the non-movant' " to evaluate whether plaintiffs have stated a claim upon which relief can be granted. *Chapman Law Firm*, 490 F.3d at 938 (*quoting Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed.Cir. 2001) (omission in original)).

For the reasons already set forth, plaintiffs' allegations of infringement of unissued patents are "fatally flawed in their legal premises." *Advanced Cardiovascular Sys.*, 988 F.2d at 1160. Although the court assumes the truth of plaintiffs' allegations of "actual unauthorized use by and between U.S. Federal Agencies in conjunction with Worldwide Companies," Pl. Stroughter's Br. filed Aug. 12, 2009, at 4, plaintiffs do not have

an actual claim under 28 U.S.C. § 1498, the APA, or the Fifth Amendment. Were the court's ruling on jurisdiction not considered dispositive, the complaints would be dismissed for failure to state a claim upon which relief can be granted.

### 5. *Defendant's motion to strike*

Defendant argues that "[b]ecause Mr. Smith did not sign or separately join the response filed on August 12, 2009, the response should be stricken from the record unless the omission is corrected by plaintiffs promptly." Def.'s Br. filed Sept. 4, 2009, at 1 (*citing* RCFC 11(a)). Noting that, "[a]s of September 3, 2009, neither the United States nor the Clerk's office has received any ... response [to the motion to dismiss] from Mr. Smith," *id.* at 2, defendant contends that "Ms. Stroughter and Mr. Smith are the real parties in interest in this case .... [and] all papers filed by the plaintiffs must be signed jointly by both Ms. Stroughter and Mr. Smith," *id.*

On July 30, 2009, the court ordered that "[b]oth plaintiffs shall file separate responses or one joint response to defendant's motion to dismiss by August 14, 2009." Order filed July 30, 2009, ¶ 2. The court returned unfiled Mr. Smith's first attempt to comply with the July 30, 2009 order, but provided Mr. Smith with the opportunity to file, by August 28, 2009, a response in compliance with the July 30, 2009 order. It is undisputed that Mr. Smith's response—which was received by the Clerk's Office on August 31, 2009, and filed by leave of the court on September 10, 2009—was untimely and that defendant moved to strike Ms. Stroughter's response before the court ordered that Mr. Smith's response be filed by leave.

With respect to mere formalities, the court is lenient to *pro se* plaintiffs. *See Erickson*, 551 U.S. at 94, 127 S.Ct. 2197; *Kelley*, 812 F.2d at 1380. Ms. Stroughter's August 12, 2009 response and Mr. Smith's September 10, 2009 response satisfied the court's July 30, 2009 order (as amended by the court's August 20, 2009 order). Moreover, because they filed individually, Ms. Stroughter and Mr. Smith complied with RCFC 11. *See* RCFC 11(a) ("Every pleading, written mo-

tion, and other paper must be signed ... by a party personally if that party is unrepresented."). The court denies defendant's motion to strike.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED,** as follows:

1. Ms. Stroughter's motion in her August 12, 2009 brief to vacate order of consolidation is denied.

2. Defendant's motion in its September 4, 2009 brief to strike is denied.

3. Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

4. The Clerk of the Court shall dismiss Ms. Stroughter's June 22, 2009 complaint and Mr. Smith's June 24, 2009 complaint without prejudice for lack of subject matter jurisdiction.

No costs.