Willie J. BENNETT, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–521C.

United States Court of Federal Claims.

July 23, 1996.

Willie J. Bennett, Hopkins, South Carolina, pro se.

Steven J. Abelson, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.

## *OPINION*

SMITH, Chief Judge.

This matter is before the court on the defendant's motion to dismiss. Defendant claims that the plaintiff's complaint is barred by the statute of limitations pursuant to 28 U.S.C. § 2501. After considering the parties' arguments, the court hereby GRANTS the plaintiff 60 days to file a more definite response.

## FACTS

In November 1985, plaintiff, Mr. Willie Bennett, was on active duty in the Army as a Company Commander with the rank of captain. Mr. Bennett was relieved of his duty position for alleged sexual harassment. Mr. Bennett claims that this action was based "solely on racial stereotypes and prejudices." On July 31, 1988, Mr. Bennett retired from the Army and claims that he was "forced to submit to early premature retirement."

In January 1986, Fort Jackson's Commanding General concluded that "administrative and substantive errors existed in [Mr. Bennett's] relief from command." The Commanding General recommended that Mr. Bennett's officer evaluation report be changed and/or that Mr. Bennett be reinstated to command. The Army did not follow either recommendation. Mr. Bennett claims that he did not discover the Commanding General's letter until May 1995.

In August 1995, Mr. Bennett filed a complaint with this court seeking reinstatement of his command and monetary damages. The defendant filed a motion to dismiss arguing that his claim was barred by the six year statute of limitations as set forth in 28 U.S.C. § 2501. In his response Mr. Bennett argued that because he was under the care of a doctor/hospital in early 1994, he should be granted a three year filing extension from the time the disability ended pursuant to 28 U.S.C. § 2501.

## DISCUSSION

The defendant contends in its motion to dismiss that plaintiff's claim is barred by the statute of limitations. The relevant statute, 28 U.S.C. § 2501, provides that,

Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

The defendant asserts that a cause of action concerning a military separation from service accrues at the time the service member separates from the service. *See, e.g., D'Andrea v. United States,* 27 Fed.Cl. 612, 614 (1993) (citing *Hurick v. Lehman,* 782 F.2d 984, 986 (Fed.Cir.1986)). The defendant argues that because Mr. Bennett filed his complaint seven years and eight days after his separation from the service (one year and eight days after the running of the statute of limitations) his claim is barred.

Mr. Bennett, however, argues that the statute of limitations was tolled because he was under a "legal disability" in early 1994 and therefore the statute permits a three year filing period from the time of his recovery pursuant to 28 U.S.C. § 2501. In the alternative, plaintiff claims that the filing period should begin after he discovered the letter written by his Commanding General.

1. Plaintiff's Legal Disability Claim.

The relevant section in 28 U.S.C. § 2501 provides,

A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.

The plaintiff argues that because he was under the care of a doctor/hospital in early 1994 he is entitled to the three year extension under § 2501 from the time he recovered from the doctor's care. The briefs submitted by the plaintiff fail to state the nature, cause, or duration of his medical care.

 The phrase "legal disability" as used in 28 U.S.C. § 2501 is intended to replace the prior archaic terminology of "married women first accrued during marriage, of persons under the age of 21 years first ac-

crued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued" *See Goewey v. United States,* 222 Ct.Cl. 104, 112, 612 F.2d 539, 544 (1979) and is not meant to change tolling principles. *Pottawatomi Nation in Canada v. United States,* 27 Fed.Cl. 388, 391 (1992). The legal disability provision is strictly construed to those personal handicaps or impediments affecting the individual litigant and preventing him from bringing a suit. *Goewey,* 222 Ct.Cl. at 113, 612 F.2d at 544. Only a serious impediment can qualify to suspend running of the statute. *Coon v. United States,* 30 Fed.Cl. 531 (1994), *aff'd* 41 F.3d 1520 (Fed.Cir.1994). Such an impediment "should require a mental derangement precluding a person from comprehending rights which he would otherwise be bound to understand." *Goewey* 222 Ct.Cl. at 114, 612 F.2d at 545. The law presumes sanity and competency rather than insanity and incompetency. *Coon,* 30 Fed.Cl. at 539. The burden of proving mental incapacity is on the plaintiff. *Id.* Mr. Bennett has failed to bring forth any evidence that the nature of his condition met the above standards which are necessary to establish a legal disability. Thus, Mr. Bennett fails to meet the requirements of 28 U.S.C. § 2501.

 Even if Mr. Bennett could establish a legal disability in early 1994, his claim may be barred by the statute of limitations. To bring the disability provision into operation, the plaintiff must be disabled at the time the cause of action accrued and must prove that the disability was continuous throughout the period in question. *Goewey,* 222 Ct.Cl. at 116, 612 F.2d at 546. Mr. Bennett separated from the service on July 31, 1988, and claims that he was under medical guidance in early 1994. Mr. Bennett's failure to provide any information as to the duration of his alleged disability fails to meet the requirements of 28 U.S.C. § 2501. *See also Goewey,* 222 Ct.Cl. at 116, 612 F.2d at 546.

2. Plaintiff's Discovery of the Commanding General's Letter in 1995.

Mr. Bennett asserts that he did not discover the letter by the Commanding General recommending his reinstatement of command until May 1995. Mr. Bennett failed to explain how he discovered the letter or why he failed to discover the letter at an earlier date. Importantly, Mr. Bennett did not claim that the letter was concealed improperly by the defendant.

 Ignorance of the facts will not toll the statute of limitations unless such ignorance was due to inherent unknowability or concealment by the defendant. *Goewey,* 222 Ct.Cl. at 112, 612 F.2d at 544. Hardship and inconvenience are not grounds for tolling the statute. *Coon,* 30 Fed.Cl. at 539. Given the lack of information provided by Mr. Bennett, the plaintiff does not establish any wrongdoing on the part of the defendant which would allow the statute of limitations to be tolled.

The court, however, shall give plaintiff 60 days in which to file a response to these issues. If Mr. Bennett can demonstrate any wrongdoing by defendant regarding the Commanding General's letter or reason why it could not have been discovered at an earlier date, the court will consider such reasons. Further, the court will consider evidence of the nature and timing of plaintiff's claimed disability in light of the statutory provision. Defendant shall have 30 days to file a reply, if it chooses, to any response plaintiff may file. The court stays defendant's time in which to file it's answer until these issues are resolved.

IT IS SO ORDERED.