Merton BOND, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–767C.

United States Court of Federal Claims,

March 19, 1999.

Merton Bond, West Liberty, Kentucky, pro se.

John S. Groat, Washington, D.C., with whom were James M. Kinsella, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant. CDR R.H. Schapler, Office of the JAG, General Litigation Division, Department of the Navy was of counsel.

## *OPINION*

SMITH, Chief Judge.

This case is before the court on defendant's motion to dismiss. Plaintiff contends that he was illegally separated from the United States Marine Corps in 1956 and is seeking approximately 31 years of back pay totaling $900,000 plus $3,000,000 in other damages. Defendant's motion asks that plaintiff's claim for illegal discharge be dismissed pursuant to RCFC 12(b)(1), as beyond the six-year statute of limitation, and any claim for disability pay be dismissed under 12(b)(4) for failure to state a claim upon which relief can be granted. The court hereby GRANTS defendant's motion to dismiss.

## *FACTS*

Plaintiff enlisted in the United States Marine Corps on January 5, 1956 in Albany, New York and was immediately transferred to Paris Island, South Carolina for basic training.[1] According to plaintiff, shortly after arriving at Paris Island, another recruit allegedly sexually assaulted him in his sleep. After this incident, plaintiff alleges he was mislabeled a homosexual and subjected to abuse from fellow recruits and his drillmaster. Plaintiff alleges that as a result of his fellow recruits' and drillmaster's abuse he became mentally ill. The plaintiff contends that his subsequent general discharge on February 7, 1956 was illegally based on this mental illness.

Plaintiff's statement claims that his memories of his service experience "faded" after his discharge from the Marines and that between his 1956 discharge and 1996, he was

---

1. The facts, unless otherwise noted, are taken from plaintiff's complaint and the attached "Merton Bond Story" (Bond) which the court will regard as an affidavit.

unable to remember the sexual assault. During this period the plaintiff alleges that he received Social Security Disability Income in addition to various treatments for mental illness.

On December 6, 1996, plaintiff filed this complaint *pro se* claiming that the Marines illegally based his discharge on his mental illness. Plaintiff claims that he was ready and willing to make a career in the Marines and is thus entitled to 30 years of back pay plus damages. Plaintiff initially sought $497,280 in back pay plus retirement benefits, but later amended his complaint to $3.9 million in back pay and damages. The government moves to dismiss this complaint pursuant to United States Court of Federal Claims Rules 12(b)(1) and 12(b)(4).

## DISCUSSION

### I. JURISDICTION

The Tucker Act grants this court subject matter jurisdiction for monetary damage claims against the United States. *See* 28 U.S.C. § 1491. However, the Tucker Act "does not create any substantive right enforceable against the United States for money damages .... The Act merely confers jurisdiction in the event that a substantive right to sue the government already exists." *Berry v. United States*, 27 Fed.Cl. 96, 100 (1992). *See United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The plaintiff is before this court *pro se* with limited resources, thus the court will hold the form of the plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Reed v. United States*, 23 Cl.Cl. 517, 521 (1991).

Plaintiff's submissions do not state on what specific statutory or regulatory provisions they rely, thus it is unclear whether the plaintiff is seeking back pay based on an illegal separation from active duty or disability benefits for his claimed mental illness. Therefore, this court will proceed on the assumption that plaintiff is claiming a right to active duty back pay pursuant to 37 U.S.C. § 204 (1994), and that his claim for disability

benefits is based on 10 U.S.C. §§ 1201–21 (1994).

### II. STANDARD OF REVIEW

In evaluating a motion to dismiss, all facts must be assumed as true and viewed in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *White Mountain Apache Tribe v. United States*, 8 Cl.Ct. 677, 681 (1985). The plaintiff, however, bears the burden of establishing jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Catellus Dev. Corp. v. United States*, 31 Fed.Cl. 399, 404 (1994). If no set of facts exist upon which plaintiff could prevail, then the claim should be dismissed. *Mostowy v. United States*, 966 F.2d 668, 672 (Fed.Cir.1992). "Nonetheless, '[C]onclusory allegations, unsupported by any factual assertions will not withstand a motion to dismiss.'" *C C Distributors, Inc. v. United States*, 38 Fed.Cl. 771, 775 (1997) *quoting Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd.*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

### III. STATUTE OF LIMITATIONS

Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Claims against the government accrue "on the date when all the events have occurred which fix the liability of the government and entitle the claimant to institute an action." *Oceanic S.S. Co. v. United States*, 165 Ct.Cl. 217, 225 (1964), and "the plaintiff was or should have been aware of their existence." *Hart v. United States*, 910 F.2d 815 (Fed.Cir.1990). A cause of action for pay by a discharged employee accrues, first and for all time, upon the employee's discharge or separation, because that is when the injury— i.e. the loss of pay—is incurred. *See Kirby v. United States*, 201 Ct.Cl. 527 (1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). "The clock starts as soon as the plaintiff is put on notice that

inquiry into a possible claim is called for." *Wrona v. United States,* 40 Fed.Cl. 784, 788 (1998) *quoting L.E. Cooke Corp. v. United States,* 27 Fed.Cl. 753, 754 (1993) (Footnote omitted).

The six-year statute of limitations is jurisdictional in nature, and an express limitation on the waiver of sovereign immunity. *See United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957).

## IV.  UNLAWFUL DISCHARGE CLAIM

■ Any cause of action alleging unlawful discharge from the military accrues at once, and for all time, for statute of limitations purposes at the time of the service member's removal. *Hurick v. Lehman,* 782 F.2d 984, 986 (Fed.Cir.1986); *Kirby* at 531, 201 Ct.Cl. 527.

■ Thus plaintiff's claim, if any, accrued on February 7, 1956 when he was officially discharged from the Marines for "unsuitability." Plaintiff's right to challenge his 1956 discharge to collect active duty back pay expired six years later on February 7, 1962. Plaintiff filed this claim more than three decades after the statute of limitations expired for an unlawful discharge action. Thus to avoid his claim from being barred, plaintiff must prove that he suffered from a legal disability when the claim accrued, and that the disability was continuous until a point within three years of the filing of this complaint, sometime after December 3, 1993. *See* 28 U.S.C. § 2501.

■ To maintain a claim of legal disability to toll the statute of limitations, the plaintiff must bear a heavy burden as "[t]he law presumes sanity and competency rather than insanity and incompetency." *Goewey v. United States,* 222 Ct.Cl. 104, 112, 612 F.2d 539 (1979). *See Bennett v. United States,* 36 Fed.Cl. 111, 113 (1996). The term "legal disability" for purposes of tolling the statute of limitations, does not include all types of mental illnesses. *Id.* at 113. "[T]o toll the statute [of limitations] a legal disability must impair the claimant's access to the court." *Id.* . The plaintiff must establish that he was "incapable of caring for his property, of transacting business, of understanding the nature and effect of his acts, and of comprehending his legal rights and liabilities" such that he was unable to meaningfully avail himself of the court. *Id.* at 114.

■ Furthermore, "in order to establish a legal disability within the ambit of section 2501, a plaintiff must demonstrate that the disability was continuous throughout the period of claimed disability." *Waldorf v. United States,* 8 Cl.Ct. 321, 324 (1985). The statute of limitations recommences, however, if "subsequent to the onset of a disability, the plaintiff experiences a lucid or non-disabling period." *Coon v. United States,* 30 Fed.Cl. 531, 539 (1994), *aff'd,* 41 F.3d 1520 (1994). Thus, if the plaintiff subsequently relapses into a legal disability after a period of lucidity, however, the statute of limitations is not re-tolled. *Id.* Finally, a plaintiff's ignorance of his right to bring suit in accordance with a cause of action is not a legal disability that tolls the statute of limitations. *Id.* Plaintiff must prove that he suffered from a continuous legal disability until sometime after December 3, 1993. *See* 28 U.S.C. § 2501

When a question of jurisdictional fact such as legal disability exists, the court is not restricted to the face of the pleadings, and may review extrinsic evidence such as affidavits. *See Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1584 (Fed.Cir.1993), *cert. denied,* 512 U.S. 1235, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994).

■ In considering defendant's motion the court must assume that all of the nonmovant's credible, undisputed allegations of fact are true. *See Scheuer,* at 236, 94 S.Ct. 1683. Mr. Bond, however, has failed to submit any credible medical or legal evidence to support his contention that his mental illness ever reached the requisite severity of a legal disability. Plaintiff claims he suffered from a legal disability caused by the alleged abuse

he suffered while at Paris Island in 1956. Plaintiff asserts that his medical records and receipt of Social Security disability payments establish the existence of his legal disability. Plaintiff's own statement of facts, however, reveals that he did not suffer from a continuous legal disability between 1956 and 1996.

Specifically, plaintiff's statement that his memory of his "ordeal" faded after his discharge, but later in life, "I got hurt on the job, and as a result I became mentally ill again," shows that plaintiff was not under a legal disability for some of this almost 40-year period. Bond at 5. Plaintiff times the occurrence of his on the job injury and subsequent relapse into mental illness to a period "about 1970." *Id.* Thus, even if plaintiff was suffering from a qualifying legal disability until he obtained the job on which he was subsequently injured, the statute of limitations would have begun to run the moment he became lucid, prior to his own admitted relapse. Further, Mr. Bond's recitation of two separate marriages and at least one divorce by 1978 weigh heavily against the existence of any legal disability, as the legal acts of marriage and divorce require the legal competency of the parties involved. *Id.* at 4–6.

Mr. Bond's own assertions belie any credible argument that he has suffered from a continuous legal disability due to mental illness from 1956–1993. Thus, the statute of limitations on plaintiff's unlawful discharge claim began to run in 1956 and expired in 1962. Any cause of action for unlawful discharge plaintiff may or may not have had is therefore barred by the statute of limitations.

## V. DISABILITY BACK PAY CLAIM

Although it is unclear from either plaintiff's complaint, or his response to defendant's motion to dismiss, it appears that plaintiff may also be seeking past and current disability benefits for his mental illness under 28 U.S.C. §§ 1201–21. Plaintiff bases his claim on his alleged sexual victimization and mental illness, arguing that his tenure in the Marines caused his mental illness. Plaintiff believes that his receipt of disability payments from Social Security and other government programs establishes a past disability.

A cause of action for medical disability benefits does not accrue until the service member seeks, and is denied, those benefits from the first military board competent to grant those benefits. *See Real v. United States,* 906 F.2d 1557, 1560 (Fed.Cir.1990). While the Federal Circuit has recognized certain situations where a cause of action may accrue without a formal board rejection, they are not applicable here. *See Real* at 1560; *Miller v. United States,* 175 Ct.Cl. 871, 361 F.2d 245 (1966); *Huffaker v. United States,* 2 Cl.Ct. 662 (1983). Plaintiff has not filed an application for correction of his military records with the appropriate service corrections board. Therefore, plaintiff does not possess a cause of action against the Marines for the recovery of disability benefits and back pay. As a result this court does not have jurisdiction over plaintiff's claim.

## VI. CONCLUSION

Plaintiff's claims for illegal separation must be dismissed because any action for unlawful separation accrued on the date of his discharge from the United States Marine Corps, February 7, 1956. The record clearly indicates that even in the most favorable light, plaintiff was no longer suffering from any legal disability by 1978. Thus, the statute of limitations on plaintiff's unlawful discharge claim expired no later than 1981 and plaintiff's claim is now barred.

Plaintiff's claim for disability retirement benefits is blocked by both this court's lack of subject matter jurisdiction and a failure to state a claim upon which relief can be granted. No cause of action for disability payments has accrued since plaintiff failed to apply to the appropriate corrections board for disability benefits. Since plaintiff has no cause of action supporting his claim for disability benefits, this court lacks jurisdiction. Accordingly, defendant's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.