NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5034

WILLIAM HYDE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

William Hyde, of Idaho Falls, Idaho, pro se.

Kirby W. Lee, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Michael F. Hertz, Acting Assistant Attorney General, and John J. Fargo, Director.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5034

WILLIAM HYDE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-027, Judge Thomas C. Wheeler.

_____

DECIDED: July 8, 2009

_____

Before MAYER, PROST, and MOORE, Circuit Judges.

PER CURIAM.

Mr. Hyde appeals the December 24, 2008 decision of the United States Court of Federal Claims granting the government's motion to dismiss for lack of subject matter jurisdiction. Because the statute of limitations for Mr. Hyde's claim has expired, we affirm.

I. BACKGROUND

Mr. Hyde's allegations will be taken as true for the purpose of this appeal. In 1987, Mr. Hyde sent a prototype and proprietary information relating to two inventions to the United States Department of Energy and the National Bureau of Standards. The first invention was described in U.S Patent No. 4,897,592, entitled "Electrostatic energy

field power generating system." The other invention was not patented. Despite Mr. Hyde's repeated requests, the prototype and information pertaining to these inventions were never returned.

On January 15, 2008, Mr. Hyde, appearing pro se, filed a complaint with the United States Court of Federal Claims alleging that the government misappropriated his inventions and seeking $6.3 billion in damages. The government moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. The court granted the government's motion, holding that the six-year statute of limitations set forth in 28 U.S.C. § 2501 had expired and that Mr. Hyde had not provided sufficient evidence of a legal disability that would warrant tolling the limitations period under 28 U.S.C. §§ 2401(a) or 2501.[1] Additionally, the court held that it did not have jurisdiction over Mr. Hyde's suit because Mr. Hyde did not allege that his patented invention was "used or manufactured by or for the United States" as required by 28 U.S.C. § 1498. Accordingly, it dismissed Mr. Hyde's complaint.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

"This court reviews without deference the Court of Federal Claims' determination on its jurisdiction." Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Id.

---

[1] These sections each provide that a "person under legal disability . . . at the time the claim accrues" may bring suit against the government "within three years after the disability ceases."

On appeal, Mr. Hyde argues that the court erred by declining to rule on over forty of his motions. Additionally, he asserts that the court has subject matter jurisdiction because the statute of limitations has not yet expired. In his view, his claim is timely because he has suffered from Lupus, an autoimmune disease, since 1979 and under 28 U.S.C. § 2401 his claim is not deemed to have "accrued" for purposes of the statute of limitations until three years after his disability ceases.

Under 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." This six-year statute of limitations is jurisdictional in nature. John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750, 753-55 (2008). Accordingly, the Court of Federal Claims lacks jurisdiction over claims that are not brought within the limitations period. Id.

In this case, the court found that Mr. Hyde's claim accrued no later than October 16, 1991, when Mr. Hyde informed an Assistant United States Attorney for the District of Idaho that his inventions had been misappropriated by the government. Additionally, the court found that Mr. Hyde had not shown that he has a "legal disability" as contemplated by 28 U.S.C. §§ 2401 or 2501. Accordingly, the court found that the six-year statute of limitations ended by October 16, 1997, well before Mr. Hyde filed the present suit.

We agree with the court's analysis. "[A] claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Kinsey v. United States, 852 F.2d 556, 557 (Fed. Cir. 1988) (quoting Oceanic Steamship Co. v. United States, 165

Ct. Cl. 217, 225 (1964)). In this case, that was the date on which the United States misappropriated Mr. Hyde's invention.[2] The misappropriation must have occurred prior to Mr. Hyde informing the Assistant United States Attorney of its occurrence on October 16, 1991.

We also agree that Mr. Hyde has not demonstrated that he has a "legal disability" under 28 U.S.C. §§ 2401 or 2501. "The burden of proving mental incapacity is on the claimant in order to qualify as suffering from a legal disability within the intendment of 28 U.S.C. [§] 2501." Goewey v. United States, 612 F.2d 539, 544 (Ct. Cl. 1979). "The 'legal disability' provision of statutes of limitations [is] designed to provide relief from some personal handicap or impediment affecting the individual litigant and preventing him from bringing a timely suit." Id. In order to toll the statute, "a legal disability must impair the claimant's access to the court." Id. Mr. Hyde declined the court's invitation to provide probative evidence of the nature of his disability. Moreover, Mr. Hyde's repeated attempts to recover his invention between 1988 and 1991 demonstrate that he was aware of his legal rights. Cf. id. at 541 (pointing out that plaintiff's competence to file a request to change his military records to reflect his disability demonstrates competence to file suit in court at that time). We agree with the court that the statute of

---

[2] Mr. Hyde did not allege that his invention was "used or manufactured by or for the United States," 28 U.S.C. § 1498(a), until his reply brief on appeal. At that time, he made the following assertion: "The Federal government violated my constitutional rights by keeping the patent and related materials for almost 20 years and used it without [my] permission. I assume that the patented invention also was manufactured at sometime during this period." While the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1982), the bare assertion in Mr. Hyde's reply brief is insufficient to recast his claim for misappropriation of his invention as a claim for patent infringement occurring within the last six years at this stage of the proceedings.

limitations period expired on October 16, 1997, because Mr. Hyde has failed to carry his burden of proving that his Lupus impaired his ability to file suit prior to that date. Without subject matter jurisdiction, any error arising from the court's alleged bias toward Mr. Hyde or its failure to rule on Mr. Hyde's motion is harmless.

## III.  CONCLUSION

Because Mr. Hyde's claim was not filed until after the six-year statute of limitations period set forth in 28 U.S.C. § 2501 had expired, we affirm the court's grant of the government's motion to dismiss for lack of subject matter jurisdiction.

## COSTS

Each party shall bear its own costs.