**Sridat S.R.S. CHINSAMMY, Plaintiff,**

**v.**

**UNITED STATES, Defendant.**

**No. 10–310C.**

United States Court of Federal Claims.

Oct. 14, 2010.

Sridat S.R.S. Chinsammy, Schenectady, NY, pro se.

John Fargo, Director, Intellectual Property Staff, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for the defendant. With him was Tony West, Assistant Attorney General, Civil Division.

## ORDER

HORN, Judge.

### FINDINGS OF FACT

Plaintiff Sridat S.R.S. Chinsammy, appearing *pro se*, filed a brief complaint in this court to which were attached numerous documents and copies of correspondence. The complaint alleges patent infringement by the United States. Plaintiff asserts jurisdiction based on 28 U.S.C. § 1498 (2006) ("Patent and copyright cases"). Plaintiff asks for "judgment in the amount of US 200 Trillion Dollars for infringements of my Patent Pending Invention. . . ."

Plaintiff submitted a provisional United States Patent Application, No. 60/855,975, on November 1, 2006 to the United States Patent and Trademark Office (USPTO). Plaintiff then submitted United States Patent Application No. 11/818,453 on June 14, 2007, titled "Molecular Energy Extraction Chambers." Plaintiff also filed another version of the patent specification, abstract, claims and drawing on September 17, 2007. Subsequently, on October 24, 2007, Mr. Chinsammy filed the current version of the specification, abstract, claims and drawings for Application No. 11/818,453. On July 3, 2008, plaintiff's patent application was published[1] pursuant to 35 U.S.C. § 122(b)(1) (2006). Section 122(b)(1) provides that patent applications shall be published 18 months after the filing of the earliest application from which patent filing priority is sought. *See also* 37 C.F.R. § 1.211(a) (2010) ("Publication of applications."). On January 27, 2010, the patent examiner completed an initial review of plaintiff's patent application and entered a non-final rejection of the claims on multiple grounds, including failure to particularly claim the invention and obviousness. There is no indication in the USPTO records that the plaintiff responded to that rejection. On September 7, 2010, the patent office issued a Notice of Abandonment to plaintiff, because plaintiff had not responded to the patent office's January 27, 2010 rejection of the claims in plaintiff's patent application. The plaintiff's complaint, and subsequent filings, do not indicate that a patent actually was issued by the USPTO for plaintiff's invention, and no such issuance is noted in the USPTO files.

In an Order filed June 8, 2010, the court granted plaintiff's motion to file *in forma pauperis* and also directed plaintiff to file a more definite statement of the claims in his complaint:

> Although the plaintiff is proceeding *pro se*, and is, therefore, entitled to liberal construction of his pleadings, after reviewing the plaintiff's complaint and its attachments, the court finds the complaint vague, ambiguous, and incomplete and the damages sought unrealistic, such that the defendant cannot reasonably frame a responsive pleading. Rule 8(a) of the Rules of the United States Court of Federal Claims states, in part, that a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the

---

1. The abstract of the published patent application states as follows:

   > My revolutionary idea and invention of the "Molecular Energy Extraction Chambers" is the unique concatenation of principles and concepts of physics, engineering and chemistry with the intent to extract Internal Energy (Latent Energy) from liquids without combustion and with intentional combustion. That is basically the extraction of large volumes of energy from matter (liquid/s) and in so doing consuming negligible mass in the processes. It is totally environmentally friendly, in that it is emission free of any gas and including water in any form and is the alternative energy source with the solution for the world's growing energy dependency on the combustion of fossil fuels.

court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, on or before Friday, July 2, 2010, the plaintiff shall file a more definite statement in a submission to the court which clearly states whether plaintiff was awarded a patent, if a secrecy order was issued for his patent application, specifically how the federal government infringed upon his patent, if issued, and the specific basis for the damages sought and in what amount. Plaintiff also shall indicate the basis for this court's jurisdiction over plaintiff's claims.

In his response, the plaintiff describes the defendant's motion to dismiss as "frivolous and very misleading" and alleges that "[t]he defense's action is a legal maneuver, with the intent to infringe upon my guaranteed constitutional rights (especially my fifth amendment rights) and rights confirmed [sic] upon me by auxiliary statue [sic], the Civil Rights Act of 1981 U.S.C. 42 [sic] Equal Opportunity Under the Law." Mr. Chinsammy, however, did not indicate that a patent ever was issued, but rather asks the court to give legal dignity to his provisional patent application. He states that he was "awarded a patent for my invention in the form of an interim class of patent called Provisional Patent," and that "my claims for infringement are for a Provisional Patent." He also acknowledges, however, in his response to defendant's motion to dismiss that a provisional patent application is "not examined for merit." Plaintiff further indicates that no secrecy order was issued. As to the nature of the claimed infringement of his patent, plaintiff indicates that the federal government "ordered my invention non-disclosed to the United States public and at the same time restraint [sic] me from filing my application abroad," which, plaintiff states, prevented immediate commercial promotion of the invention in the United States.

## DISCUSSION

■ Defendant filed a motion to dismiss under RCFC 12(b)(1) for lack of jurisdiction. "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte.*" *Folden v. United States,*

379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2004), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning, Phillips and Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir. 1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed. Cir. 1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *Paradigm Learning, Inc. v. United States,* 93 Fed.Cl. 465, 471 (2010); *Thompson v. United States,* 88 Fed.Cl. 263, 266 (2009); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (Fed.Cir.2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir. 2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir. 1990)); *see also Entegris, Inc. v. Pall Corp.,* 490 F.3d 1340, 1343 (Fed.Cir.2007); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

■ Pursuant to this court's rules and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2010); Fed.R.Civ.P. 8(a)(1), (2) (2010); *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* — U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555–57, 570, 127 S.Ct. 1955). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,*

463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir. 1997); *see also Edelmann v. United States,* 76 Fed.Cl. 376, 379 (2007), *transferred* (due to lack of jurisdiction), No. 4:07CV00633, 2007 WL 4287825 (E.D.Ark. Dec. 6, 2007). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir.1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed. Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed. 2004)); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). As stated in *Ashcroft v. Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

■ When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d 1576, 1580 (Fed.Cir. 1997)), *cert. denied,* 535 U.S. 1096, 122 S.Ct.

2293 (2002); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000).

Plaintiff bases his patent infringement claim on 28 U.S.C. § 1498, which states:

> Whenever an invention described in and covered by *a patent* of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

28 U.S.C. § 1498(a) (emphasis added). The court notes that the above language of section 1498 covers "a patent," not a patent application or provisional patent application.

A similar situation to the present case was presented in the consolidated[2] case of *Stroughter v. United States,* 89 Fed.Cl. 755 (2009), *appeal dismissed,* No.2010–5095, 2010 WL 1687894 (Fed.Cir. Apr. 26, 2010). In *Stroughter,* the plaintiffs, proceeding *pro se,* sought damages of $1.25 trillion for infringement of a pending patent application. *Id.* at 758–59. The court dismissed the consolidated cases for lack of jurisdiction and stated:

> The Court of Federal Claims' exclusive jurisdiction pursuant to 28 U.S.C. § 1498 over patent infringement claims against the Federal government is conditioned on the issuance of a patent.... As it is a waiver of sovereign immunity, this statute is to be strictly construed.... It does not grant the Court of Federal Claims jurisdiction over a claim for alleged infringement of an unissued patent. *See* § 1498(a) ...; *Foster v. United States,* 230 Ct.Cl. 938, 938–39 (1982); *Fulmer v. United States,* 144 Ct.Cl. 812, 838 (1959); *Patton v. United States,* 110 Ct.Cl. 195, 75 F.Supp. 470, 473 (1948).

> Because plaintiffs' claims allege the infringement of unissued patents, the court's jurisdiction under § 1498 is lacking.

**2.** The case of *pro se* plaintiff *Jerome W. Smith v. United States,* 89 Fed.Cl. 755, was consolidated with the *Stroughter* case, 89 Fed.Cl. 755. Mr. Smith appealed to the United States Court of Appeals for the Federal Circuit and then moved, without opposition, to withdraw the appeal, which motion was granted by the Federal Circuit.

*Stroughter v. United States,* 89 Fed.Cl. at 761–62 (other citations omitted); *see also Hyde v. United States,* 85 Fed.Cl. 354, 359–60 (2008), *aff'd,* 336 Fed.Appx. 996 (Fed.Cir.), *reh'g en banc denied* (Fed.Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 642, 175 L.Ed.2d 492 (2009).

██ In Mr. Chinsammy's case, no patent was issued by the USPTO for plaintiff's invention. Plaintiff cannot maintain a patent infringement claim for a patent which does not exist. There is no issued patent to infringe. As of January 27, 2010, not only was plaintiff's patent application not approved and issued, but plaintiff's application was initially rejected by the patent office, and plaintiff did not respond to the rejection. Thereafter, on September 7, 2010, the patent office issued a Notice of Abandonment to plaintiff, because plaintiff had not responded to the patent office's January 27, 2010 initial rejection of the claims in plaintiff's patent application. *See* 37 C.F.R. § 1.111(a)(1) (2010) ("Reply by applicant or patent owner to a non-final Office action."); 37 C.F.R. § 1.135(a) (2010) ("Abandonment for failure to reply within time period.").

██ Plaintiff indicates that he understands that no patent was issued for his invention, but tries, nonetheless, to rely on a "provisional patent," to which he apparently attaches patent rights. A provisional patent application is, in fact, authorized by statute. *See* 35 U.S.C. § 111(b) (2006) ("Provisional application"); 37 C.F.R. § 1.53(c) (2010) ("Application filing requirements—Provisional application."). A provisional patent application is not actually examined by the patent office, but serves to establish a patent filing priority date if the inventor subsequently files the standard, non-provisional patent application. These procedures are addressed further at 35 U.S.C. § 154 (2006) ("Contents and term of patent; provisional rights"). If a patent ultimately is issued containing claims that are the same or substantially identical to the claims contained in a published, provisional patent application, then the inventor may obtain royalties from the earlier publication date for the provisional patent application. Section 154(d)(2) states that the right "to obtain a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application." 35 U.S.C. § 154(d)(2). Provisional patent rights do not exist independently of the requisite approved and issued patent. *See Stroughter v. United States,* 89 Fed.Cl. at 763 n. 10. In order to proceed in this court pursuant to 28 U.S.C. § 1498, there must exist an issued patent upon which infringement can occur. Such is not the case under the facts presented by Mr. Chinsammy.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of jurisdiction is **GRANTED.** A patent for plaintiff's invention has not been issued as of the date of this Order. To the contrary, plaintiff's patent application has been initially rejected and determined abandoned by the USPTO. Plaintiff's complaint, therefore, is **DISMISSED,** without prejudice. The Clerk's Office shall enter judgment consistent with this opinion. Since this litigation was initiated by plaintiff, he apparently has changed his address multiple times. Therefore, the Clerk's Office is directed to mail copies of this decision to the *pro se* plaintiff at the address of record listed on the court's official docket and to mail a second copy to Mr. Chinsammy at what he lists as his most recent address on the last page of his "Response to Defense Motion to Dismiss" before the included exhibits: 1209 10th Avenue, # 1, Schenectady, New York 12303.

**IT IS SO ORDERED.**