NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SRIDAT S.R.S. CHINSAMMY,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2011-5032

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-310, Judge Marian Blank Horn.

---

Decided: April 7, 2011

---

SRIDAT S.R.S. CHINSAMMY, Schenectady, New York, pro se.

JOHN FARGO, Director, Intellectual Property Staff, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief was TONY WEST, Assistant Attorney General.

---

Before GAJARSA, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.


Sridat S.R.S. Chinsammy appeals from a final judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. *See Chinsammy v. United States*, 95 Fed. Cl. 21 (Fed. Cl. 2010). We *affirm*.

## BACKGROUND

Chinsammy filed a provisional patent application with the United States Patent and Trademark Office ("PTO") on November 1, 2006. On June 14, 2007, he filed U.S. Patent Application No. 11/818,453 (the "'453 Application"), entitled "Molecular Energy Extraction Chambers." Four months later, Chinsammy filed the current version of the abstract, specification, claims, and drawings for the '453 Application. His application was published on July 3, 2008.

On January 27, 2010, a PTO examiner entered a non-final rejection of both claims in the '453 Application. The claims were rejected on multiple grounds, including obviousness, *see* 35 U.S.C. § 103, and lack of enablement, *see* 35 U.S.C. § 112. Subsequently, on September 7, 2010, the PTO issued a Notice of Abandonment, explaining that Chinsammy had failed to respond to the first office action rejecting all claims of his patent application.

Chinsammy thereafter filed suit in the Court of Federal Claims, seeking $200 trillion in damages for alleged infringement of his patent rights by the United States. The court, however, dismissed his complaint, concluding that it had no jurisdiction to consider Chinsammy's

infringement action since he had never obtained a valid patent.  Chinsammy then timely appealed to this court.

## DISCUSSION

Pursuant to 28 U.S.C. § 1498, the Court of Federal Claims has jurisdiction over infringement actions brought against the United States:

> Whenever an invention described in and *covered by a patent* of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

28 U.S.C. § 1498 (a) (emphasis added).

The plain language of this statute covers a "patent," and not a patent application or a provisional patent application.  Thus, "until a patent has been granted and issued by the Patent Office [the Claims Court] has no jurisdiction [over] a claim for compensation for the unauthorized use of the claimed invention." *Patton v. United States*, 75 F. Supp. 470, 473 (Ct. Cl. (1948); *see also Fulmer v. United States*, 144 Ct. Cl. 812, 838 (Ct. Cl. 1959) (explaining that the Claims Court has no jurisdiction to hear claims for the unauthorized use of a device that has not yet been patented).

Chinsammy has never obtained a valid patent on his claimed invention.  To the contrary, his '453 Application was deemed abandoned as a result of his failure to respond to the PTO's initial office action rejecting all of the claims.  Contrary to Chinsammy's assertions, the fact that he filed a provisional patent application does not mean he

obtained a "provisional patent." Filing a provisional patent application can, in certain circumstances, serve to establish a filing priority date if the inventor subsequently files a non-provisional patent application. *See* 35 U.S.C. §§ 119, 154; *E.I. Du Pont De Nemours & Co. v. MacDermid Printing Solutions, L.L.C.*, 525 F.3d 1353, 1358-62 (Fed. Cir. 2008). Chinsammy did not, however, obtain any sort of "provisional patent" by filing a provisional application. Because he has never been issued a valid patent, the Court of Federal Claims correctly dismissed his appeal for lack of jurisdiction.